IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT PRITCHETT, | Civil No. 3:18-cv-1382 |
| Plaintiff | (Judge Mariani) |
| v. | |
| CASE MANAGER PARKER, et al., | |
| Defendants | |

**MEMORANDUM**

I. **Background**

Plaintiff Robert Pritchett ("Pritchett"), an inmate who was housed at all relevant times at the Federal Correctional Institution, Allenwood Medium, commenced this *Bivens*[1], 28 U.S.C. § 1331, civil rights action on July 8, 2018. (Doc. 1). Named as Defendants are Case Manager Darlene Parker and an unknown lieutenant. Presently pending before the Court is Defendant Parker's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b) or, in the alternative, for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Doc. 23). For the reasons set forth below, the Court will grant Defendant's

---

[1] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978).

motion and dismiss the complaint with leave to amend.[2]

## II. Legal Standard

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v.*

---

[2] Defendant initially moved for summary judgment based on Pritchett's purported failure to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). (Doc. 25, pp. 2-5). Defendant subsequently withdrew her present request for summary judgment based on failure to exhaust administrative remedies. (Doc. 35, pp. 2-3).

*Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

3

## III. Allegations of the Complaint

Plaintiff alleges that in May 2018, he jumped off the top bunk in his cell and injured his foot. (Doc. 1, p. 2). As a result of the injury, the medical department issued him a bottom bunk pass. (*Id.*).

Pritchett asserts that Defendant Parker transferred him to a cell with an open bottom bunk. (*Id.*). When Pritchett arrived at the new cell, he realized that the cellmate was a gang member, who allegedly told Pritchett not to come into the cell, and if he did, "there were going to be problems." (*Id.* at p. 3). Pritchett then requested to be moved to a different cell; however, Defendant Parker informed him that there were no other cells with an open bottom bunk. (*Id.*). Pritchett claims that he again asked Defendant Parker to move him, but she told him he had to stay in that cell. (*Id.*).

Pritchett asserts that he returned to his cell and his cellmate threatened him again. (*Id.*). Due to his fear of being stabbed by his cellmate, Pritchett went to an unknown correctional officer's office and cut his arm in front of the unknown correctional officer. (*Id.* at p. 4). Pritchett was immediately placed on suicide watch and housed in the Special Housing Unit ("SHU"). (*Id.*).

Pritchett alleges that Defendant's failure to move him to a different cell caused him to harm himself and caused emotional distress. (*Id.*).

## IV. Discussion

### A. Failure to Assign Pritchett to a Different Cell

It is well-settled that "[a]n inmate does not have a right to be placed in the cell of his choice." *Sheehan v. Beyer*, 51 F.3d 1170, 1174 (3d Cir. 1995) (citing *Hewitt v. Helms*, 459 U.S. 460, 468, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983)). Thus, Pritchett does not have a constitutional right to any particular housing unit or cell of his choice, and this claim will be dismissed.

### B. Failure to Protect

Pritchett alleges that Defendant failed to protect him from self-harm. To state a failure to protect claim against an official, a plaintiff must demonstrate that: "(1) he is incarcerated under conditions posing a substantial risk of serious harm; and (2) the prison official acted with deliberate indifference to his health and safety." *Paulino v. Burlington Cnty. Jail*, 438 F. App'x 106, 109 (3d Cir. 2011) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Where an inmate alleges that a prison official failed to prevent harm to him, the prisoner must show both that the conditions of confinement posed a substantial risk of serious harm and that prison officials were deliberately indifferent to the inmate's safety. *Farmer*, 511 U.S. at 834. Deliberate indifference is more than an ordinary lack of due care; instead, a prison official must have knowledge of the risk of harm. *Id.* at 835-44. Thus, "a prison official may be held liable under the Eighth Amendment for denying humane

conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.

Pritchett does not assert that he made any threats of self-harm or suicide attempts such that Defendant should have known that he was particularly vulnerable to self-harm. Pritchett has thus failed to establish that Defendant knew he posed a substantial risk of serious harm to himself or that she disregarded such risk. The Court will dismiss this claim, but grant Pritchett leave to amend to adequately state a cognizable failure to protect claim.

### C. Qualified Immunity

In order to establish a civil rights claim, Pritchett must show the deprivation of a right secured by the United States Constitution or the laws of the United States. However, government officials performing "discretionary functions," are insulated from suit if their conduct did not violate a "clearly established statutory or constitutional right[ ] of which a reasonable person would have known." *Wilson v. Layne*, 526 U.S. 603, 609, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999).

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation marks omitted). "Qualified immunity balances two important interests-the need to hold public officials accountable when they

exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson*, 555 U.S. at 231. It "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). "Thus, so long as an official reasonably believes that his conduct complies with the law, qualified immunity will shield that official from liability." *Sharp v. Johnson*, 669 F.3d 144, 159 (3d Cir. 2012) (citing *Pearson*, 555 U.S. at 244). Although qualified immunity is generally a question of law that should be considered at the earliest possible stage of proceedings, a genuine dispute of material fact may preclude summary judgment on qualified immunity. *Giles v. Kearney*, 571 F.3d 318, 325-26 (3d Cir. 2009).

A qualified immunity determination involves a two-pronged inquiry: (1) whether a constitutional or federal right has been violated; and (2) whether that right was "clearly established." *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled in part by Pearson*, 555 U.S. at 236 (permitting federal courts to exercise discretion in deciding which of the two Saucier prongs should be addressed first). At this procedural juncture, the Court cannot meaningfully evaluate Defendant's assertion of qualified immunity because Pritchett will be granted leave to amend his complaint.

### D. State Law Claim

Pritchett claims that Defendant committed the state tort of intentional infliction of

7

emotional distress ("IIED"). To establish an IIED claim, a plaintiff must show: (1) extreme and outrageous conduct; (2) done intentionally or recklessly; (3) that causes emotional distress; and (4) the distress is severe. *Chuy v. Phila. Eagles Football Club*, 595 F.2d 1265, 1273 (3d Cir. 1979). The conduct must "go beyond all possible bounds of decency, and . . . [be] regarded as atrocious, and utterly intolerable in a civilized society." *Dull v. W. Manchester Twp. Police Dep't*, 604 F.Supp. 2d 739, 756 (M.D. Pa. 2009) (citations omitted). Further, to succeed on an IIED claim, a plaintiff must show "some type of resulting physical harm due to the defendant's outrageous conduct." *Reedy v. Evanson*, 615 F.3d 197, 231 (3d Cir. 2010).

Pritchett has not alleged any facts to show that Defendant's conduct went "beyond all possible bounds of decency." *Dull*, 604 F.Supp. 2d at 755. The Court will dismiss this claim, but grant Pritchett leave to amend to adequately state a claim of intentional infliction of emotional distress.

## V. Leave to Amend

When a complaint fails to present a prima facie case of liability, district courts must generally grant leave to amend before dismissing the complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). Specifically, the Third Circuit Court of Appeals has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant

leave to amend "unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). For the reasons outlined above, Pritchett's claim regarding placement in a particular cell is legally and factually flawed and thus incurable; for these reasons, the Court concludes that curative amendment would be futile with respect to this claim. However, Pritchett will be afforded an opportunity to amend his failure to protect claim and state law claim of intentional infliction of emotional distress.

## VI. Conclusion

The Court will grant Defendant's motion (Doc. 23) to dismiss. The Court will grant Pritchett an opportunity to file an amended complaint in the event he can state a plausible claim for relief. A separate Order shall issue.

Dated: January 21, 2020

Robert D. Mariani
United States District Judge